Agustin Torres VILLA; Herlinda Flores Ceja, Petitioners,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–72776.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 **.

Filed Dec. 28, 2007.

Donald Kenton Smith, Esq., Law Office of Donald Kenton Smith, Laguna Hills, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey Leist, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and HAWKINS, Circuit Judges.

MEMORANDUM ***

Agustin Torres Villa and Herlinda Flores Ceja, natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision denying their application for cancellation of removal. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that the Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

Petitioners' contention that the BIA's summary affirmance violated their due

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

process rights is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.